

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00149-CR
_____

ROBERT JAMES WALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 33909CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A Hunt County jury convicted Robert James Wallen of continuous sexual abuse of a young child[1] and sentenced him to imprisonment for life.  On appeal, Wallen contends that the trial court erred by not including instructions in the jury charge pursuant to Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure that allowed the jury (1) to evaluate the voluntariness of his recorded statement and (2) to evaluate any warnings required by state law and *Miranda v. Arizona*[2] that were given him before he gave his statement.  Because, under the facts of this case, such instructions were not required, we affirm the trial court's judgment.

## I.      Background

Wallen's complaints concern a recorded statement that he gave to Hunt County Sheriff's Office (HCSO) Investigator Julie Banasiak.  After Banasiak watched the forensic interviews of the three minor victims, she contacted Wallen, who agreed to meet her at the HCSO.  Wallen's audio/video-recorded statement was introduced in evidence without objection and played for the jury.  The recording does not show that Wallen was given any of the warnings required by Article 38.22 of the Texas Code of Criminal Procedure before the statement was given.  After Wallen was seated and stated that he wondered if he should talk to an attorney, Banasiak (1) informed him that he was not under arrest and that a report had been made,[3] (2) stated that he had come voluntarily on his own accord, and (3) assured him that the door was not locked.  She

---

[1]*See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.).

[2]384 U.S. 436 (1966).

[3]Banasiak did not inform Wallen of any of the details of the report until Wallen completed his statement.

then stated that, if at any time he did not want to talk to her, he was to tell her and she would show him out. The record shows that Wallen did not file a motion to suppress his recorded statement and that he did not contend by any other motion, objection, or other means in the trial court that the statement was not voluntary or that he was in custody when he gave the statement. The record also shows that he did not request that the complained-of instructions be included in the jury charge or object to their absence from the jury charge.

## II. Standard of Review

"We employ a two-step process in our review of alleged jury-charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.)).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." *Id.* (alteration in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.13). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Id.* (quoting *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Lee*, 415 S.W.3d at 917).

### III.    Analysis

Although it is not entirely clear, we construe Wallen's brief to assert that the trial court erred (1) by not sua sponte including a jury instruction pursuant to Section 6 of Article 38.22[4] to allow the jury to evaluate whether his recorded statement was voluntary and (2) by not sua sponte including a jury instruction pursuant to Section 7 of Article 38.22[5] to allow the jury to evaluate any warnings required by state law and *Miranda* that were given him before he gave his statement.

Because Wallen did not request those instructions at trial, "in order to obtain a reversal of his conviction for the trial court's failure to *sua sponte* provide these instructions, [he] must show that they are 'law applicable to the case' and that he was 'egregiously harmed' by their absence." *Estrada v. State*, 313 S.W.3d 274, 299 (Tex. Crim. App. 2010) (citing *Oursbourn v. State*, 259 S.W.3d 159, 174–76 (Tex. Crim. App. 2008); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Further, "[t]he trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) (citing *Doyle v. State*, 631 S.W.2d 732, 738 (Tex. Crim. App. [Panel Op.] 1982) (plurality op.) (op. on reh'g)).

---

[4]Section 6 of Article 38.22 provides that, after the trial court finds that a defendant's statement was voluntary, "evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

[5]Section 7 of Article 38.22 provides that, "[w]hen the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 7.

## A. The Law Applicable to the Case Did Not Include a Section 6 Voluntariness Instruction

Generally, a defendant's statement, whether custodial or non-custodial, "may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion." TEX. CODE CRIM. PROC. ANN. art. 38.21. Because Section 6 of Article 38.22 "provides that only 'voluntary' statements may be admitted," it "applies to *both* an accused's custodial and non-custodial statements." *Oursbourn v. State*, 259 S.W.3d 159, 171 (Tex. Crim. App. 2008) (citing *State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999)). As the Texas Court of Criminal Appeals has explained, under Section 6, raising a question "as to the voluntariness of a statement" of the defendant, TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6, sets in motion "a chain of other requirements" under that statute that "culminate[s] in the defendant's right to a [voluntariness] jury instruction:"

> (1) a party notifies the trial judge that there is an issue about the voluntariness of the confession (or the trial judge raises the issue on his own); (2) the trial judge holds a hearing outside the presence of the jury; (3) the trial judge decides whether the confession was voluntary; (4) if the trial judge decides that the confession was voluntary, it will be admitted, and a party may offer evidence before the jury suggesting that the confession was not in fact voluntary; (5) if such evidence is offered before the jury, the trial judge shall give the jury a voluntariness instruction.

*Oursbourn*, 259 S.W.3d at 175 (footnote omitted). "Consequently, a Section 6 instruction becomes 'law applicable to the case' . . . only if the parties actually litigate a Section 6 voluntariness issue before the trial judge." *Id.* (quoting *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998)).

5

Wallen does not contend, and the record does not show, that he notified the trial court that there was an issue about the voluntariness of his recorded statement, that the trial court raised the issue on its own, or that the parties actually litigated a Section 6 voluntariness issue in the trial court. Because the parties did not litigate a Section 6 voluntariness issue in the trial court, a Section 6 voluntariness instruction did not become law applicable to the case. *See Oursbourn*, 259 S.W.3d at 175. As a result, the trial court did not have a sua sponte duty to include a Section 6 voluntariness instruction in its jury charge. Therefore, we find that the trial court did not err by not including a Section 6 voluntariness instruction in its jury charge. We overrule this issue.

### B. The Recorded Statement Was Non-Custodial

Wallen also complains that the trial court erred by not sua sponte including a jury instruction pursuant to Section 7 of Article 38.22 to allow the jury to evaluate any warnings required by state law and *Miranda*[6] that were given to him before he gave his statement.

For a defendant's recorded oral statement "made as a result of custodial interrogation" to be admissible at trial, Section 3(a) of Article 38.22 requires, among other things, that "prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 [of Article 38.22] and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning."[7] TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2). The rights

---

[6]Wallen acknowledges that the warnings required by Sections 2(a) and 3(a) of Article 38.22 incorporate the requirements of *Miranda*. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a); *Oursbourn*, 259 S.W.3d at 172. Further, "the appropriate vehicle for obtaining a jury instruction regarding a purported violation of *Miranda*" is Article 38.22. *Contreras v. State*, 312 S.W.3d 566, 583 (Tex. Crim. App. 2010).

[7]Section 2(a) requires that:

under Sections 2 and 3, as well as the rights under *Miranda*, only apply to custodial-interrogation statements. *Oursbourn*, 259 S.W.3d at 170, 172.

"If the defendant made his statement as the result of custodial interrogation, he is also entitled—when the issue is raised by the evidence—to have the jury decide whether he was adequately warned of his rights and knowingly and intelligently waived these rights." *Id.* at 176. This is accomplished by the trial court including a Section 7 instruction in its jury charge. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 38.22, § 7). Conversely, if Wallen's recorded statement was not a product of a custodial interrogation, then he was not entitled to a Section 7 instruction.

"A custody determination requires two inquiries: the circumstances surrounding the interrogation and whether a reasonable person in those circumstances would have felt that she was not free to leave." *Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021) (citing *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)). "The ultimate inquiry is whether, under the circumstances, a reasonable person would have believed that her freedom of movement was

---

        (a)     the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
        (1)     he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
        (2)     any statement he makes may be used as evidence against him in court;
        (3)     he has the right to have a lawyer present to advise him prior to and during any questioning;
        (4)     if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
        (5)     he has the right to terminate the interview at any time[.]

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a).

restricted to the degree associated with a formal arrest." *Id.* (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam)).

The Texas Court of Criminal Appeals has recognized four instances that may arise to custody:

> (1) the suspect is physically deprived of her freedom of action in any significant way, (2) a law enforcement officer tells the suspect that she cannot leave, (3) law enforcement officers create a situation that would lead a reasonable person to believe her freedom of movement has been significantly restricted, or (4) there is probable cause to arrest, and law enforcement officers do not tell the suspect that she is free to leave.

*Id.* at 167–68 (citing *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996)). In the first three instances, the suspect's freedom of movement must be restricted "to the degree associated with an arrest." *Id.* at 168 (citing *Dowthitt*, 931 S.W.2d at 255). Wallen does not contend, and the record does not show, that his freedom of movement was restricted during the recorded statement. Rather, the undisputed testimonial and recorded evidence was (1) that Wallen voluntarily came to the sheriff's office to give his statement, (2) that Banasiak told him he was not under arrest, (3) that he could stop talking to her at any time, and (4) that, if he said he wanted to leave, she would show him out. Also, there is no evidence that the circumstances surrounding the statement were such that Wallen felt, or that any reasonable person would have felt, that he was not free to leave.

For custody to be established in the fourth instance, "the officer's knowledge of probable cause must be manifested to the suspect," and that manifestation, "combined with other circumstances, would lead a reasonable person to believe she is under restraint to a degree associated with an arrest." *Id.* (citing *Dowthitt*, 931 S.W.2d at 255). The testimonial and video

8

evidence showed that Banasiak informed Wallen that a report had been made, but she did not disclose any of the details of that report to him before he gave his statement. She also did not disclose by her words or deed what she believed about Wallen's potential culpability. *See Stansbury v. California*, 511 U.S. 318, 325 (1994) (per curiam). As a result, the evidence does not show that a reasonable person would believe he was not free to leave.

Because the evidence shows that Wallen's recorded statement was not a product of a custodial interrogation, the warnings required under Sections 2 and 3 of Article 38.22 and *Miranda* were not required to be given him before his statement. *See Wexler*, 625 S.W.3d at 167. As a result, he was not entitled to have the jury decide whether he was adequately warned of his rights. *See Oursbourn*, 259 S.W.3d at 176. We, therefore, find that the trial court did not err by not including a Section 7 instruction in its jury charge. We overrule this issue.[8]

## IV. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: June 26, 2023
Date Decided: June 27, 2023

Do Not Publish

---

[8]Wallen also argues in his brief that the trial court's failure to submit instructions under Sections 6 and 7 of Article 38.22 was unassigned error and constitutional or structural error. Because we find that the trial court did not err by failing to submit those instructions, it is not necessary to address those arguments.

9